UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARGARETH JEAN-JOSEPH,

                    Plaintiff,

        - v -

WALGREENS, INC., et. al.,

                    Defendants.
-----------------------------------------------------------------x

**OPINION AND ORDER**

CV-10-4635 (SLT) (VVP)

POHORELSKY, Magistrate Judge:

       The plaintiff commenced this action on August 20, 2010 in New York Supreme Court and the defendants thereafter removed the action to this court based on federal question jurisdiction. *See* Dkt No. 1. The plaintiff has filed a motion to amend and in the proposed repleaded complaint set forth claims for, *inter alia¸* violation of the Fair Labor Standards Act ("FLSA") and common law claims for defamation. Dkt Nos. 15, 22. The defendants Walgreens, Inc. ("Walgreens") and Suzette Gaskin ("Gaskin")[1] opposed the motion to amend the Complaint to add the FLSA and defamation claims, Dkt Nos. 16-17, and oral argument was held before me on the motion to amend, Dkt. Nos. 21, 24. As discussed further below, the court grants the motion to amend to add a defamation claim against Gaskin but denies the motion to amend to add an FLSA claim and a defamation claim against Walgreens.[2]

**I. STANDARD ON MOTION TO AMEND**

       In evaluating whether the allegations in the proposed amended Complaint adequately plead a viable claim for relief, the court is mindful that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Davis v. Goord*, 320 F.3d

---

[1] The defendants assert that Walgreens is in fact "Walgreen Co." and Gaskin is in fact "Suzette Mohamed Gaskin." Dkt No. 16, at 1.

[2] As motions to amend are non-dispositive, they may be decided by a magistrate judge without the parties' consent. *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).

346, 352 (2d Cir. 2003); *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995). "Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." *Lucente v. International Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted). Undue delay, prejudice, futility of the amendment, and prior opportunities to amend the complaint, among other factors, are to be considered in determining whether leave to amend should be granted. *E.g., Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord, e.g., Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009); *Nettis v. Levitt*, 241 F.3d 186, 193 (2dCir. 2001); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). Ultimately, the decision to grant or deny a request to amend is within the discretion of the district court. *Foman*, 371 U.S. at 182; *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *John Hancock Mut. Life Ins. Co. v. Amerford International Corp.*, 22 F.3d 458, 462 (2d Cir. 1994).

A proposed amendment is futile "if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente*, 310 F.3d at 258 (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). In evaluating the proposed amended complaint for futility, the court applies the same standards as those applied to a motion to dismiss pursuant to Rule 12(b)(6). *See id.; see also Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Thus, the court takes the allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See, e.g., Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994). If the proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment. *See Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y. 1995); *Allstate Ins.Co. v. Administratia Asigurarilor De Stat*, 875 F. Supp. 1022, 1029 (S.D.N.Y. 1995).

## II. DISCUSSION

### a. FACTS ALLEGED IN PROPOSED AMENDED COMPLAINT

The proposed Amended Complaint alleges the following facts. The plaintiff was employed by the defendant Walgreens in their retail stores from January 1997 through her termination in June 2010. Compl. ¶¶ 8, 28. The plaintiff received raises during her employment and was promoted from clerk to assistant store manager in 2001. Compl. ¶¶ 8, 12. The defendant Gaskin was the plaintiff's manager. Compl. ¶ 11. In 2005, the plaintiff took a one-year leave of absence after the birth of her second child. Upon her return to work, the plaintiff was placed at a lower rate of pay than when she had left. Compl. ¶¶ 12-15. She complained to Gaskin of this discrepancy but Gaskin refused to address the plaintiff's concerns. As a result, the plaintiff reported her complaint and Gaskin's refusal to Walgreens' Chicago headquarters. Compl. ¶¶ 16-18. Although the plaintiff was returned to her previous rate of pay, she was not reimbursed for the three months during which she received the lower rate of pay. Compl. ¶ 17. In addition, Gaskin stated that she would retaliate against the plaintiff and did so by telling the plaintiff to quit her job at Walgreens, assigning her to inconvenient shifts, and reprimanding her for conduct that was not the plaintiff's doing. Compl. ¶¶ 19-28.

Gaskin told other Walgreens employees "that plaintiff had committed fraud in an attempt to [cause the plaintiff] to be terminated" and also reported this alleged fraudulent conduct to the New York State Labor Department in connection with the plaintiff's unemployment benefits proceedings. Compl. ¶¶ 29-30, 37. The alleged fraud was that the plaintiff performed a "fraudulent post void" in a transaction with a customer. Compl. ¶ 28. The plaintiff was terminated as a result of the conduct reported by Gaskin. Compl. ¶ 28.

### b. DEFAMATION CLAIM[3]

In order to state a claim for defamation under New York law, the plaintiff must allege "(1) a false and defamatory statement of fact, (2) concerning the plaintiff, (3) published without privilege or authorization to a third party by the defendant, (4) constituting fault as judged by, at a minimum, a negligence standard, and (5) causing special harm or constituting defamation *per se*. *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06-CV-1260, 2009 WL 4547792, at *8 (E.D.N.Y. Dec. 1, 2009).[4] In federal court, a claim for defamation is not subject to particularized pleading but is governed by Rule 8 of the Federal Rules of Civil Procedure and must be "specific enough to afford defendant sufficient notice of the communications complained of to enable him to defend himself." *Id.* at *9 (quoting *Kelly v. Schmidberger*, 806 F.2d 44, 45 (2d Cir. 1986) (internal quotation marks omitted)). The court will look to whether the complaint identifies who made the alleged defamatory statement, when it was made, in what context it was made, whether it was oral or in writing, and whether it was made to a third party. *Nickerson v. Communication Workers of America, Local 1171*, No. 04-CV-875, 2005 WL 1331122, at *7 (N.D.N.Y. May 31, 2005); *Ford v. Clement*, 834 F. Supp. 72, 77-78 (S.D.N.Y. 1993), *aff'd* 29 F.3d 621 (2nd Cir. 1994).

The defendants argue that the motion to amend to add a defamation claim should be denied because the statements at issue are either protected by an absolute or qualified privilege and because the plaintiff has failed to allege either special damages or defamation per se.

---

[3] Although the plaintiff's proposed fourth cause of action alleges that she was "defamed and retaliated against" and her proposed fifth cause of action states that the conduct at issue "constituted defamation per se" the court reads these two sections as a single defamation claim. As indicated in the discussion below, "defamation per se" is an element of a defamation claim, not a separate cause of action. To the extent the plaintiff is granted leave to amend, she should include a single defamation cause of action.

[4] Defamation consists of the "'twin torts of libel and slander' . . . Spoken defamatory words are slander; written defamatory words are libel." *Colodney v. Continuum Health Partners, Inc.*, No. 03-CV-7276, 2004 WL 829158, at *7 (S.D.N.Y. April 15, 2004) (quoting *Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001)).

Walgreens also argues that any defamation claim against it is barred by the New York Worker's Compensation Law ("NYWCL"). The court addresses each of these arguments in turn.

i. ABSOLUTE PRIVILEGE

The plaintiff concedes that the statements that are alleged to have been made to the unemployment insurance board enjoy absolute immunity. Dkt. No. 19, at 2. Indeed, the principle of absolute immunity in this context is well-established. *See, e.g., Ashe v. Mohawk Valley Nursing Home, Inc.*, 262 A.D.2d 960, 961, 701 N.Y.S.2d 536, 537 (4th Dep't 1999) (citing, *inter alia*, *Wiener v. Weintraub*, 22 N.Y.2d 330, 331 (1968)); *Singletary v. All Metro Aids, Inc.*, 247 A.D.2d 252, 668 N.Y.S. 367 (1st Dep't 1998); *Noble v. Creative Technical Services, Inc.*, 126 A.D.2d 611, 613, 511 N.Y.S.2d 51 (2d Dep't 1987).[5] The plaintiff's motion to amend to add a defamation claim based on statements made in the context of New York State unemployment proceedings is therefore denied.

ii. QUALIFIED PRIVILEGE

"[E]ven if a statement is defamatory, a qualified privilege exists where the communication is made to persons who share a common interest in the subject matter." *Silverman v. Clark*, 35 A.D.3d 1, 10, 822 N.Y.S.2d 9 (1st Dep't 2006); *see also Byam v. Collins*, 111 N.Y. 143, 150 (1888). Thus, the defendants correctly argue that communications to their employees may be privileged. *See Anderson v. Our Lady of Mercy Medical Center*, 31 A.D.3d 270, 270-71, 819 N.Y.S.2d 497 (1st Dep't 2006) ("security guards clearly had a vital interest in the subject matter of the meeting [regarding plaintiff's termination and exclusion from the premises] . . . since they were responsible for keeping plaintiff off the hospital premises"). However, the privilege is qualified and will not apply where the statements are communicated to

---

[5] In the plaintiff's later submission, she appears to revive the contention that the statements made in connection with her application for unemployment benefits were defamatory. *See* Dkt No. 22, at 5 (stating that the statements were made with malice). Regardless of whether the plaintiff has now changed its position on this issue, the case law cited in the text establishes absolute immunity.

persons who do not have a common interest in the subject matter or if they are made with malice. *See Silverman*, 35 A.D.3d at 10-11. Courts have found that statements made to co-employees are privileged where they are made in a "clearly confidential setting, to a small group of persons vitally interested in the subject matter" of the statements. *See Kasachkoff v. City of New York*, 107 A.D.2d 130, 135, 485 N.Y.S.2d 992 (1st Dep't 1985), *aff'd by* 68 N.Y.2d 654 (1986); *see also Anderson*, 31 A.D.3d at 270-71. Indeed, in the cases cited by the defendants, the privileged statements were made in the context of reviewing or assessing the plaintiff's behavior in connection with a performance evaluation or termination decision. The plaintiff's allegations here are that Gaskin stated to specific named Walgreens employees that the plaintiff engaged in fraudulent conduct in violation of company policy and that Gaskin continued to do so after the plaintiff's termination. Compl. ¶¶ 30-37. The mere fact that these individuals were employees, by itself, does not satisfy the qualified privilege.[6]

Moreover, a claim of qualified privilege would not protect these statements if the plaintiff were able to show that the statements were made with actual malice. "[W]here the plaintiff can demonstrate that the communication made by the defendant was not made in good faith but was motivated solely by malice, the protection provided by the qualified privilege would be inapplicable." *Phelan v. Huntington Tri-Village Little League, Inc.*, 57 A.D.3d 503, 505, 68 N.Y.S.2d 737 (2d Dep't 2008) (citing *Liberman v. Gelstein*, 80 N.Y.2d 429, 437-39 (1992)). Malice may be shown by "'knowledge that [the statement] was false or . . . reckless disregard of whether it was false or not'" *Liberman*, 80 N.Y.2d at 437-38 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964)). Here, the plaintiff alleges that Gaskin "knew said statements were false when she uttered them and acted in bad faith and with malice when she

---

[6] The statement that the plaintiff was terminated due to the alleged fraud may either not be defamatory (because true) or be privileged (because the employees needed to know), but the plaintiff's defamation claim is not based solely on this statement; rather, the defamatory allegations in the Complaint include an allegation that Gaskin told others that the plaintiff engaged in fraud, which is different from the allegation that she was terminated because of that alleged fraud.

published them." Compl. ¶¶ 32-37. The Complaint alleges that Gaskin had threatened the plaintiff with retaliation in the past and that she had consistently attempted to harm the plaintiff's employment through disciplinary proceedings. Thus, the plaintiff's averments as to malice and the context in which those facts are pleaded are sufficient to allege actual malice at this stage.[7]

### iii. DEFAMATION PER SE

The defendant argues that the plaintiff has also failed to plead defamation per se.[8] "[W]ords which affect a person in his or her profession by imputing to him or her any kind of fraud, dishonesty, misconduct, incapacity, unfitness, or want of any necessary qualification in the exercise of one's profession" can constitute defamation per se. *See Ram v. Moritt*, 205 A.D.2d 516, 517 (2d Dep't 1994). The plaintiff argues that she has sufficiently alleged defamation per se because the accusation that she performed a fraudulent post-void transaction "injured plaintiff's economic interests, trade and profession." Compl. ¶ 37. The court agrees that the statement that the plaintiff performed a fraudulent transaction would impugn her reputation for honesty and integrity as a store clerk and manager and constitutes defamation per se.

The defendants also cannot rely on the "single instance exception" to dismiss the plaintiff's claim. Under this exception, "language charging a professional [person] with ignorance or mistake on a single occasion only and not accusing him [or her] of general ignorance or lack of skill cannot be considered defamatory on its face and so is not actionable unless special damages are pleaded." *November v. Time Inc.*, 13 N.Y.2d 175, 178 (1963). *See,*

---

[7] Moreover, recent New York decisions have held that a claim of qualified privilege is generally "an affirmative defense to be raised in defendants' answer" rather than on a motion to dismiss. *See Wilcox v. Newark Valley Central School District*, 74 A.D.3d 1558, 1562, 904 N.Y.S.2d 523 (3d Dep't 2010); *Garcia v. Puccio*, 17 A.D. 3d 199, 201, 793 N.Y.S.2d 382 (1st Dep't 2005); *see also Flaherty v. All Hampton Limousine, Inc.*, No. 02-CV-4801, 2008 WL 2788171, at *8 (E.D.N.Y. July 16, 2008). *But see Serratore v. Am. Port Servs., Inc.*, 293 A.D.2d 464, 465, 739 N.Y.S.2d 452 (1st Dep't 2002) (resolving privilege issue at motion to dismiss stage); *Boyle v. Stiefel Laboratories, Inc.*, 204 A.D.2d 872, 612 N.Y.S.2d 469 (3d Dep't 1994) (same); *Orenstein v. Figel*, 677 F. Supp. 2d 706, 711 (S.D.N.Y. 2009) (concluding that privilege applied at motion to dismiss stage because "a lack of privilege [is incorporated] into the elements of a defamation claim").

[8] The plaintiff has not alleged that she suffered any special damages.

*e.g. Larson v. Albany Med. Ctr.*, 252 A.D.2d 936, 939, 676 N.Y.S.2d 293 (3d Dep't 1998) (statement charging nurses with being insubordinate was subject to single instance rule because they did not suggest that they were incompetent as nurses); *Bowes v. Magna Concepts*, 166 A.D.2d 347, 561 N.Y.S.2d 16 (1st Dep't 1990) (false statement in article charging plaintiff with being "careless" in one instance that was followed by a letter of retraction was subject to single instance rule). The alleged defamatory statement at issue here does not charge the plaintiff with "ignorance or mistake" or carelessness but rather accuses her of fraudulent conduct. Moreover, while the defamation claim is based on accusing the plaintiff of a single instance of fraudulent conduct, the proposed complaint alleges that the statement was repeated multiple times to multiple people and that Gaskin had reprimanded the plaintiff for alleged misconduct on other occasions. Thus, while the plaintiff has not alleged any special damages, she has made sufficient allegations to state a claim for defamation against Gaskin.

### iv. NEW YORK WORKER'S COMPENSATION LAW

The defendants argue, and the plaintiff concedes, that any purported defamation claim against Walgreens is barred by the NYWCL. The NYWCL is the exclusive remedy for action by an employee against his employer for on the job injuries, including tort claims for defamation. *See* N.Y. Work. Comp. § 11 (McKinney 2009); *Thompson v. Maimonides Med. Ctr.*, 86 A.D.2d 867, 447 N.Y.S.2d 308 (2d Dep't 1982). Although the NYWCL does not apply where an employee commits an intentional tort at the employer's direction, *Martinez v. Canteen Vending Services Roux Fine Dining Cartwheel*, 18 A.D.3d 274, 275, 795 N.Y.S.2d 16 (1st Dep't 2005), there are no such allegations against Walgreens here. Indeed, the proposed complaint alleges that Gaskin's actions were part of a unilateral effort by her to tarnish the plaintiff's reputation and get the plaintiff terminated. Because of the absence of any allegation that Walgreens directed Gaskin's alleged tortious conduct, the motion to amend the Complaint to state a defamation claim against Walgreens is denied.

### c. FAIR LABOR STANDARDS ACT CLAIM

The FLSA's anti-retaliation provision makes it "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [FLSA]." 29 U.S.C. § 215(a)(3). In order to make a prima facie showing of FLSA retaliation, a plaintiff must allege (1) participation in protected activity known to the defendant (for instance, the filing of a FLSA lawsuit); (2) an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action. *See Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010); *Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 876 (2d Cir.1988) (relying on framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

The plaintiff has failed to allege that she engaged in any protected activity under the statute. According to the Complaint, the defendants allegedly violated the FLSA because they "retaliated against plaintiff . . . for complaining about the failure to pay her back wages." Compl. ¶ 49. The plaintiff has not alleged that her complaint about back wages was framed in the terms of any violation of the FLSA. *See Mullins*, 626 F.3d at 1374 (dismissing FLSA retaliation claim because "nowhere in the plaintiff's vague statements to management does the plaintiff assert her rights under the FLSA"). Indeed, even if the plaintiff had invoked the FLSA in her complaint to management, she does not direct the court to any provision in the statute that protects a claim for alleged owed back wages (nor is the court aware of any). The FLSA does set forth minimum wage requirements and overtime pay requirements. *See* 29 U.S.C. § 206(a)(1) (setting specified minimum wage requirements at less than $8.00 per hour during plaintiff's employment); 29 U.S.C. § 207(a)(1) (setting forth overtime pay requirements). The plaintiff does not allege, however, that the back wages she was owed arose from a failure to pay overtime wages or the applicable minimum wage. Rather, the back wages about which she complained resulted from a reduction in her hourly wage, which was well in excess of the minimum wage, after she returned

from a leave of absence. The plaintiff's motion to amend her Complaint to add an FLSA retaliation claim is therefore denied.

## CONCLUSION

In accordance with the above considerations, the undersigned hereby denies the motion to amend to add a FLSA claim and a defamation claim against Walgreens, but grants the motion to amend to add a defamation claim against defendant Gaskin. The plaintiff should file the amended complaint on the electronic docket within 20 days of receipt of this order. A status conference to discuss the status of discovery and further scheduling will be held in person on **December 7, 2011 at 10:00 a.m.**

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
October 21, 2011